RILEY, Judge
dissenting.
[23] I respectfully dissent from the majority’s conclusion that “the TCI contract does not impose a duty of care toward the employees of TCI’s subcontractors because the contract terms do not ‘go beyond requiring that [TCI] merely supervise the work of its employees and subcontractors[.]’ ” Op. p. 346. The majority’s decision is based on an analysis of the contrac *347 tual language and its close resemblance to Helms, which, in turn, distinguishes it from Stumpf, Capitol, Perryman, and Harris.
[24] By analogizing to Helms and distinguishing from Stumpf, the majority elevates form over substance in its interpretation of the contractual provisions regarding safety. Here, TCI “reeognize[d] the importance of performing the Work in a safe manner so as to prevent damage, injury or loss.to (i) all individuals at the Site[.]” (Appellant’s App. p. 71). In this regard, TCI “assume[d] responsibility for implementing and monitoring all safety precautions and programs related to the performance of the Work.” (Appellant’s App. p. 71). To that end, TCI “shall, prior to commencing construction, designate a Safety Representative ... to supervise the implementation and monitoring of all safety precautions and programs related to the Work.” (Appellant’s App. p. 71). In connection with this responsibility, the Safety Representative “shall make daily inspections of the site and shall hold weekly safety meetings with [TCI’s] personnel, Subcontractors and others as applicable.” (Appellant’s App. p. 71). TCI contractually agreed to perform the work in accordance with the “Legal Requirements,” which are defined as “all applicable federal, state, and local laws, codes, ordinances, rules, regulations, orders and decrees of any government or quasi-government[.]” (Appellant’s App. p. 68). Prior to commencing work on the site, “[a]ll TCI employees, tradesmen and subcontractors” had to “comply with ... all OSHA and TCI guidelines” and were required to report all injuries to the TCI Superintendent or Assistant 'Superintendent. (Appellant’s App. p. 250). Moreover, during the construction phase of the project, TCI committed that it “shall at all times exercise complete and exclusive control over the means, methods, sequences and techniques of construction.” (Appellant’s App. p. 70). Despite TCI’s assertion to the contrary, in the Standard Form of Agreement, TCI agreed to “provide all material, equipment, tools and labor necessary to complete the Work described in and reasonably inferable from the Contract Documents.” (Appellant’s App. p. 53).
[25] By assuming the responsibility of the implementation and monitoring of the safety programs, and the assignment of a Safety Representative, TCI affirmatively evinced an intent to assume a non-delega-ble duty of care, which placed it directly in line with Stumpf See also Perryman, 628 N.E.2d at 1244 (where we found it important that the general contractor was responsible for reviewing the safety programs of the subcontractors); Moore v. Shawmut Woodworking & Supply, Inc., 788 F.Supp.2d 821, 825 (S.D.Ind.2011) (where the Court found a duty of care based on, among other, the contractual provisions that “[t]he Contractor shall be solely responsible for and have control over the means, methods, techniques, sequences and procedures ... of the Work [ ]” and “[t]he Contractor shall be responsible for initiating, maintaining and supervising all safety precautions^]”). Accordingly, I would reverse the trial court’s summary judgment in favor of TCI and grant Ryan’s partial summary judgment with respect to TCI.